UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

NATIONWIDE MUTUAL INSURANCE
COMPANY, an Ohio Corporation,
                    *Plaintiff-Appellee,*

            v.

JO-ANNA SMELSER, Executrix of the
Estate of Mary B. Smelser,
Deceased; EUGENE SMELSER,
                    *Defendants-Appellants.*

No. 01-1295

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
James E. Bradberry, Magistrate Judge.
(CA-00-88-4)

Argued: September 27, 2001

Decided: July 12, 2002

Before WILKINS and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Reversed and remanded with instructions by unpublished per curiam
opinion.

---

## COUNSEL

**ARGUED:** Jeremiah A. Denton, III, Virginia Beach, Virginia, for
Appellants. Thomas Aubrey Fitzgerald, II, STEIN & SMITH, P.C.,
Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Jo-Anna Smelser and Eugene Smelser (collectively, the Smelsers) appeal a district court's[1] order granting summary judgment to Nationwide Insurance Company (Nationwide) in this declaratory judgment action brought by Nationwide. Nationwide sought a declaration that it was not liable under the uninsured motorist provisions of a "Family Automobile Policy" of insurance issued to Eugene Smelser (the policy or the Nationwide policy) for injuries sustained by Mary Smelser when her purse was snatched by an unidentified assailant in a moving vehicle. The only issue presented on appeal was whether, as a matter of Virginia law, Mary Smelser's injuries arose out of the "use" of the car in which her assailant rode. Resolution of this issue required the interpretation and application of Virginia law in circumstances not previously addressed in the Virginia courts. Accordingly, we requested that the Supreme Court of Virginia exercise its certification jurisdiction pursuant to Article VI, Section 1 of the Virginia Constitution and decide whether Mary Smelser's injuries arose out of the use of the car in question. The Supreme Court of Virginia has answered the certified question in the affirmative. We therefore reverse the judgment of the district court in favor of Nationwide and remand this case for entry of summary judgment in favor of the Smelsers.

I.

Mary Smelser, now deceased,[2] was the wife of Eugene Smelser, the holder of the Nationwide policy.[3] On March 27, 1999, Mary Smelser,

---

[1]By consent of the parties, the decision below was rendered by a magistrate judge. 28 U.S.C.A. § 636(c).

[2]Mary Smelser's death was unrelated to the events recounted here. Jo-Anna Smelser is the executrix of Mary's estate.

[3]The facts recited here are those relied on by the Supreme Court of Virginia in answering the certified question.

then 74, and her daughter, Jo-Anna Smelser, drove to the Williamsburg Outlet Mall in Virginia to go shopping. Jo-Anna Smelser parked the car in the mall parking lot, and her mother exited from the passenger side. Mary Smelser walked from the side to the rear of the car and turned to walk toward the mall. As she did so, a car driven by an unknown male accelerated rapidly from behind her and pulled alongside her on her left. A second unknown male reached out from the passenger-side window of the car and grasped Mary Smelser's purse by the strap, which she had slung over her left shoulder. The man pulled the purse, and Mary Smelser with it, toward the interior of the car. From this point, Mary Smelser was dragged by her purse strap approximately ten feet alongside the car; she then fell to the ground.

Mary Smelser suffered fractures of her left shoulder and pelvis in the incident. Two orthopaedic surgeons provided sworn affidavits in which they opined that the extent of Mary Smelser's injuries was consistent with her account of being pulled into the side of a moving vehicle. One of the surgeons also opined that Mary Smelser's injuries were consistent with her account of being dragged approximately ten feet, then dropped to a parking lot surface.

## II.

An endorsement to the Nationwide policy provides that Nationwide will pay all sums that an insured is "legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the Insured . . . caused by accident and arising out of the ownership, maintenance, or use of such uninsured motor vehicle." (J.A. at 44.) The parties do not dispute that, under the terms of the policy, Mary Smelser was an insured when her injuries occurred. The vehicle in question was never identified, which renders it an uninsured motor vehicle under the terms of the policy. Thus the only issue in this appeal is whether, under Virginia law, Mary Smelser's injuries arose out of the "use" of an uninsured motor vehicle under the uninsured motorist coverage clause in the policy.

As noted above, because it was not clear whether under Virginia law Mary Smelser's injuries arose out of the use of an uninsured motor vehicle in these circumstances, we certified the following question to the Supreme Court of Virginia:

Whether, under the facts [described above], Mary Smelser's injuries arose out of the use of an uninsured motor vehicle for purposes of uninsured motorist provisions in the Nationwide policy?

The Supreme Court of Virginia accepted the certified question and answered it in the affirmative, stating that

Mrs. Smelser's injuries were causally related to the employment of the uninsured vehicle as a vehicle because the force from the vehicle's movement directly contributed to her injuries. Thus, we conclude that Mrs. Smelser's injuries arose out of the "use" of the uninsured motor vehicle under the UM/UIM provisions in the Nationwide policy.

*Nationwide Mut. Ins. Co. v. Smelser*, No. 012841, 2002 WL 1270213, at *4 (Va. June 7, 2002).[4]

### III.

Because Mary Smelser's injuries arose out of the use of an uninsured motor vehicle, the judgment of the district court in favor of Nationwide must be reversed. The only issue in the proceedings before the district court was whether those injuries arose out of the use of the uninsured motor vehicle in question. Judgment should therefore be entered for the Smelsers on remand. The order of the district court is

*REVERSED AND REMANDED WITH INSTRUCTIONS.*

---

[4]The Supreme Court of Virginia's opinion answering the certified question contains the controlling analysis of Virginia law, and we need not restate that analysis here.